IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| KYLE LAWSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 4:14-cv-00622-ODS |
| | ) | |
| ROBERT KELLY, et al., | ) | |
| | ) | |
| Defendant/Intervenors. | ) | |

### INTERVENOR'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES

Intervenor State of Missouri, by and through the Missouri Attorney General in his official capacity (Intervenor), provides the following answer, defenses, and affirmative defenses to Plaintiffs' Petition.

1. Paragraphs 7, 8, 19-22, 24, 26, 27, 31, 34, 35, 36 (including subparagraphs (a) through (l)), 37-39, and 44-49 state legal conclusions, and therefore require no response. To the extent a response is required, Intervenor denies the allegations.

2. Intervenor is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraphs 1-6, 9-17, 25, 28-30, 32, 33, 40-43, 50, and 51, and are therefore unable to admit the allegations. To the extent these paragraphs also state legal conclusions, no response is required and the allegations are therefore denied.

3. Answering paragraph 18 of the Petition, Intervenor admits that Defendant Robert Kelly is the Director of the Jackson County Department of the Recorder of Deeds, and as Director is responsible for issuing marriage licenses in Jackson County, Missouri. The remainder of paragraph 18 of the Petition states legal conclusions, and therefore requires no response. To the extent a response is required, Intervenor denies the allegations.

4. Answering paragraph 23 of the Petition, Intervenor admits that by public referendum the Missouri Constitution was amended August 3, 2004, with a provision that became Missouri Constitution Article I, § 33. The remainder of paragraph 23 states conclusions of law or restates the constitutional provision, requiring no response. To the extent a response is required, Intervenor denies the allegations.

## COUNT I

5. Answering paragraph 52 of the Petition, Intervenor hereby restates and incorporates the responses to paragraphs 1 through 51, inclusive.

6. Paragraphs 53-55 state legal conclusions and therefore require no response. To the extent a response is required, Intervenor denies the allegations.

7. Intervenor is without knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraphs 56-57 of the

Petition, and is therefore unable to admit the allegations. The remaining allegations in paragraphs 56-57 of the Petition state legal conclusions, and therefore require no response. To the extent a response is required, Intervenor denies the allegations.

8. Intervenor denies the allegations in paragraphs 58-59.

## COUNT II

9. Answering paragraph 60 of the Petition, Intervenor hereby restates and incorporates the responses to paragraphs 1 through 59, inclusive.

10. Paragraphs 61, 63, and 64 state legal conclusions and therefore require no response. To the extent a response is required, Intervenor denies the allegations.

11. Intervenor is without knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraphs 62 and 65-68, and is therefore unable to admit the allegations. The remaining allegations in these paragraphs state legal conclusions and therefore require no response. To the extent a response is required, Intervenor denies the allegations.

12. Intervenor denies the allegations contained in paragraphs 69-70 of the Petition.

## COUNT III

13. Answering paragraph 71 of the Petition, Intervenor hereby restate and incorporate the responses to paragraphs 1 through 70, inclusive.

14. Paragraphs 72, 73, and 75-77 state legal conclusions and therefore require no response. To the extent a response is required, Intervenor denies the allegations.

15. Intervenor is without knowledge or information sufficient to form a belief as to the truth of any factual allegations in paragraph 74 of the Petition, and is therefore unable to admit the allegations. Intervenor denies the remaining allegations in paragraph 74 of the Petition.

16. Intervenor denies the allegations in paragraphs 78-79 of the Petition.

Intervenor denies Plaintiffs' prayer for relief immediately following paragraph 79, including paragraphs 1 through 5 of the prayer for relief, as well as all other allegations in the Petition not specifically admitted herein.

WHEREFORE, having fully answered Plaintiffs' Petition, Intervenor respectfully request that the Court deny all relief requested in Plaintiffs' Petition, dismiss Plaintiffs' Petition with prejudice, and enter such other relief as the Court deems proper.

# AFFIRMATIVE DEFENSES

1. Plaintiffs' Petition should be dismissed for failure to state a claim upon which relief can be granted.

2. Plaintiffs' Petition should be dismissed in whole or in part because the claims are not justiciable or Plaintiffs lack standing.

3. Plaintiffs' Petition should be dismissed in whole or in part because the claims are not ripe.

4. Plaintiffs' Petition should be dismissed because the proposed relief, if granted, would violate separation of powers principles.

5. Plaintiffs' Petition should be dismissed because the claims present a political question.

6. Plaintiffs' claims are barred by the Tenth Amendment.

7. Intervenor reserves the right to assert further affirmative defenses as may be revealed in the course of litigation.

WHEREFORE, having provided full answers, defenses, and affirmative defenses to Plaintiffs' Petition, Intervenor respectfully requests that the Court deny all relief requested in Plaintiffs' Petition, dismiss Plaintiffs' Petition with prejudice and enter such other relief as the Court deems proper.

Respectfully submitted,

**CHRIS KOSTER**
Missouri Attorney General


By: /s/ *Jeremiah J. Morgan*
    Jeremiah J. Morgan, Mo. Bar #50387
    Deputy Solicitor General
    P.O. Box 899
    Jefferson City, Missouri 65102-0899
    Telephone: (573) 751-1800
    Facsimile:  (573) 751-0774
    jeremiah.morgan@ago.mo.gov

**ATTORNEYS FOR INTERVENOR**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent via electronic mail this 15th day of July, 2014, to:

Anthony E. Rothert
Grant R. Doty
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, Missouri 63108
trothert@aclu-mo.org

Gillian R. Wilcox
ACLU of Missouri Foundation
3601 Main Street
Kansas City, Missouri 64111
gwilcox@aclu-mo.org

*Attorneys for Plaintiffs*

Robert Kelly
Jackson County Recorder of Deeds
415 E. 12th St., Room 104
Kansas City, Missouri 64106
cocounselor@jacksongov.org

*Defendant*

                                          /s/ *Jeremiah J. Morgan*
                                          Jeremiah J. Morgan
                                          Deputy Solicitor General