IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KYLE LAWSON, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 14-0622-CV-W-ODS |
| ROBERT T. KELLY, in his official Capacity as Director of the Jackson County Department of Recorder of Deeds, | ) |
| Defendant. | ) |
| STATE OF MISSOURI, | ) |
| Intervenor. | ) |

## ORDER AWARDING PLAINTIFFS FEES AND COSTS AND STAYING AWARD PENDING CONCLUSION OF ALL APPEALS

On November 7, 2014, the Court entered judgment in Plaintiffs' favor. Now pending are Plaintiffs' Bill of Costs and Motion for Attorney Fees. Defendant has not responded and the time for doing so has passed. The State of Missouri, which has intervened in this suit, argues (1) the attorney fees should be reduced and (2) the Court should defer consideration of the motion in any event. The Court declines to defer consideration of the issue, grants the motion for fees in parts, and awards Plaintiffs their costs.

Starting with the State's second argument: there is no question that the Court has the *discretion* to defer. E.g., National Farmers' Organization, Inc. v. Associated Milk Producers, Inc., 850 F.2d 1286, 1312 (8th Cir. 1988). However, the State does not cite (and the Court cannot find) any authority dictating that the Court *must* defer. The task of ascertaining fees in this case is not so time-consuming that the Court believes it should exercise its discretion to defer.

There is no objection to Plaintiffs' request for an award of costs, which they are entitled to as the prevailing parties. Accordingly, the Court grants Plaintiffs their costs in the amount of $100.00.

Plaintiffs seek an award of fees and expenses pursuant to 42 U.S.C. § 1988, which allows an award of fees and expenses to the prevailing parties in civil rights lawsuits such as this. In ascertaining the appropriate fee, the starting point is the lodestar; that is, a reasonable hourly rate times a reasonable number of hours. Plaintiffs seek compensation for the work of three attorneys at the following rates for the following number of hours:

- Anthony Rother          $350/hour          63.5 hours
- Grant Doty              $275/hour           4.9 hours
- Gillian Wilcox          $225/hour          67.6 hours

There is no objection to these hourly rates, and the Court accepts that they are the reasonable and customary rates charged for work of this type in the geographic area. The State argues the number of hours should be reduced to remove the time Plaintiffs spent researching and drafting a Motion to Remand that they later withdrew. The Court agrees.

The Motion to Remand alleged there was a defect in the removal process because the Notice of Removal was filed by the Intervenor and not the Defendant, and any attempt by the Defendant to remove would be untimely. If these were defects they were procedural in nature and had no effect on this Court's subject matter jurisdiction; accordingly, if they were defects they could be waived. E.g., Nolan v. Prime Tanning Co., 871 F.2d 76, 78 (8th Cir. 1989). After the State responded to the Motion to Remand, Plaintiffs formally requested to have the motion withdrawn. This request was granted.

The Motion to Remand is separate and apart from the substantive issues in the case, and it raised issues upon which Plaintiffs did not prevail. Moreover, the sequence of events suggests it is unjust to force others to pay Plaintiffs the fees associated with this endeavor. Plaintiffs insist it was reasonable for them to research and file the motion even though they made "a strategic choice to withdraw that motion." It may have been reasonable to file the motion, but the Court does not believe it is reasonable

to shift the attorney fees associated with this shift in strategies. Accounting for this time as reflected in the attorneys' time sheets, the Court calculates the fee award as follows:

- Anthony Rother     $350/hour     45.9 hours   $16,065.00
- Grant Doty         $275/hour      4.9 hours   $ 1,347.50
- Gillian Wilcox     $225/hour     63.1 hours   $14,197.50

This results in a fee award of $31,610.00.

Plaintiffs also seek expenses in the amount of $165.30. As there is no objection, this request will be granted.

In conclusion, Plaintiffs' motion (Doc. # 55) and Bill of Costs are granted as follows:

- Attorney fees pursuant to 42 U.S.C. § 1988 in the amount of $31,610.00.
- Expenses pursuant to 42 U.S.C. § 1988 in the amount of $165.30.
- Costs as the prevailing party pursuant to 28 U.S.C. § 1920 in the amount of $100.00.

This Order is stayed pending completion of all appeals.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: December 8, 2014    UNITED STATES DISTRICT COUR